Well that's not very readily known. Literature is the best source of objective and triggering similarities. Sometimes. You know, there's very general similarities. One. But one often regards things with perceived overdose. The Odds. There's one that kinks. The odds, I'll say. Ingenuity. And some things such asMoore's Theory. It's been created ten years ago. A long time ago. I'm not a really good reader. So I'm not going to talk about this case, but at least I'll tell you how the case works. And I hope that you stay here in time. I think it's important to be here. It's important to be in the Twitter space. It's important to be there. I don't know if I'll be there. So I'm really I'm really passionate about readers. So. I'm very much looking forward to it. It's been ten years now. I'm pretty sick of it. Now, this case is really pretty easy. And I'm really going to get down to it. The important part of this case is official description. So the official description standard. And how much counter-statements you will give to a special trial judge about those types of cases is hard. I believe you should give very little to the power of reasons. One, what the standard says on the official description standard is the trial judge is a better position on the case than he or the trial judge controls the trial judge. But the question really, it comes down to whether the position of the IRS was substantially justified. And Ronnie, in your view, was the position of the government not substantially justified? It was not substantially justified because the commission did not have the authority or the jurisdiction to assess the liability of a medical support report on preventive returns. That's a self... It's not a deficiency. That is self-calculation that works under our disorders and not a deficiency. So the IRS did not, even though the H.M. gave cohesive transaction, I guess I don't understand your position on whether the IRS did not have an efficiency assessment on our laws to function. My position is that it's both. It's whether or not it's an efficiency assessment or not. Whether they are authorized to assess the tax burden or not. So, in your view, deficiency in the statute means more than efficiency? No, it means nothing. Why? Why did 6214 give the jurisdiction on the tax burden anticipated in relation to the 6214? It is with the values of the commission to make an assessment on this self-reported liability on a medical return after the commission has retired. Last question. The statute, 6214, did it for a reason? It is important to look at it. It considers 6214 based on 6214's utility. It says that 6214 has jurisdiction to determine the value of efficiency and tariff pricing and to determine whether any additional amount should be assessed. The additional amount is the total cost of 6214. So, that's the problem. We have to go much further than that. Therefore, it was decided by the Senate committee to have a report in January. So, while I'm not going to be very clear on this, I think you can go about your own assessment. You may think this is a task for your jurisdiction. If the commission wanted to assess that tax, you had a file to claim with the task force saying let me assess this liability on your assistance. But there are claims that some of your requirements have to do with how it works and how it's formed. Well, I'll give you an idea of how it works. We're not going to talk about our own jurisdictions. We're going to talk about the state and we're going to talk about the jurisdiction that plays with its case and its action. And I don't know how you can say, hey, I asked you to file a claim with the task force just to request that they get the assessment. It's a clear statutory jurisdiction. We're saying that they come in and they can test their child and get the assessment. So, I'll give you an example here. For a college, you are at least in college, and they are trying to discharge your student from a program that doesn't exist. For a non-resident, they are locked out, and so now they can't get by. You're saying that you know, I did not get a solid report on the door. So, it's not an efficiency. It's not an efficiency. It's not an efficiency. It's fine. The task force said that there should be no charge to the student unless it's a statutory variable. Of course, the college is saying that you will actually go to see yourself. Why not? Because if the student had to return and they were at the supporting stand of Texas, they are disputing the assessments you gave and the notice of efficiency issued by the commissioner about services that you were using while in college. The commissioner gives them the next $20,000 and there's no remote testing that can be done. There are folks at the commissioner who are there for various reasons. We're saying we only have 12 $12,000. So, $12,065 additional $12,065 is the amount that the commissioner is claiming to be about $20,000 in the notice of efficiency. It's more than the notice of efficiency and the second term in the statute you'll see an addition of the adjustments in the notice of efficiency. They are protesting the notice of efficiency. That's what it is. And you're the first. But how does that still make any parents, physicians, psychiatrists, nurses, doctors talking about the fees and the costs? Because you're saying, so I understand your argument, but please tell me you're saying because everybody knew that the IRS was making additional steps, they were unreasonable in limiting it, it's interesting. What's your argument? The argument is, how is the amount of policy that you're making, all the other proponents, what's the basic assessment? She says, all she has to do is go to her computer screen and she probably answered and before the communication was completed, it was made by the commissioner and she didn't know that he didn't know the answer. And she now filed a claim with the tax court asking the tax court to basically file a filing system and a reporting system. So she said, you know, from this instance, we have no receipt. We don't have a receipt. We don't have a receipt. What you're saying is, I don't understand your argument, but you're saying the IRS didn't tell the commissioner, look, it's very clear, you're saying it's $40,000, we're saying it's $40,000, and here's the basis for our dispute. So it is $40,000. It is a return to the statute. If the IRS took the position of $12,655, if any tax returns were filed, why not? Because it must have been issued correct at the time of the IRS's issuance. Sure. And therefore, it was not barred from being processed under Section 1613A. You could leave the rate of $40,000 files if you said you own this, but I'm not sure why. It seems to me the language of the tax court scheme here is not substantially justified. Do you think the IRS is sensitive to tax returns and that the tax court should impose efficiency when you don't? Efficiency is irrelevant. That's my point. It's irrelevant. I don't see percent of our income. It's not efficiency, okay? I don't see the percent of our income. But I'm saying, even though it wasn't an efficiency, they can't file a claim on the tax court under Section 1614A because it shall cut jurisdiction to determine whether any additional amounts of the $12,655 should be assessed. That is what I'm saying. Go ahead and read it because we might think you all agree with me. Okay, so I'm going to have to talk to both sections. There's a separation between the one section and the other section as well. Where do you get the remedy of such monetary sanctions? Looking at the purpose of a prohibition on expiring communications, this is what I agree with you that it was an expiring communications prohibition. Okay, it's non-administrative, non-fiscal, but on your basis, excuse me, rather than an additional CP hearing before a possible expiry action. So, you're saying that this will not be used to prohibit expiring communications. The remedy, assuming that it is a prohibitive expiring communications remedy, is to do a hearing to stop sanctions. So, it's terrible for a lot of things. So, that is pretty clear. And the nature of the prohibition is prohibitive information. So, to restore that prohibited information, you send the remedy to a new hearing without that information? Yes. Okay. If you don't want to hear it, you should do it in person. Okay. So, the hearing process, I think, I think you're right.   Okay, so look at it this way. We have a lot of stamps that don't go through our mail. And we have to sign them. All right. All right. So as they appear to reference the territory that the attached attorney gives a petition to the task force, while on the same day that the attached attorney tries and only asserts that this amount is correct, can you say that's correct? No. What I'm saying is we have a dispute in the petition. We challenged everything. And there's a flaw. I'll call you zero. There's no addition to the sentence. The United Returns says we accept deficiency. But we agree. We think there's a liability of $12,665. Now, before the task force, they are mitigating the issue of whether it's $12,665, zero, or something in between. When you reach a stipulation decision, you have to sign a policy. But when you don't know about your system, your boss or your attorney didn't know about it, it's frustrating because if your attorney's already had a recovery, we're claiming that you did. You didn't. And that's why you're now under section 162.14. You have the issue. You must forget about it. Yes, we understand your position. And you know it. We see that you're trying. But we will give you a $12,665. We'll see. Okay. So I understand your position. I understand your position. It's not a stipulation decision because they knew under 162.14 that you're claiming that you're exceeding the workhorse measure. So we'll see. We'll see. We'll see. Because under section 162.14, the commissioner cannot self-apologize. So let's do what we're supposed to do here. Let's return to the workhorse measure. And in answer to Jennifer's previous question, there's at least a direct object of the workhorse measure. And I'm not sure if that's correct or not. NBR 293, for the inventory, it states that this is a required for errors. And the petition did say that it was consistent, that the petition was consistent with the inventory that had been filed on to report initially income from the sale of the business. So in another line of the petition, the use of reference to 44,500 adjusted. That's the whole motion section. And only the part of it, most of the initial report you're recording is to document and return. So that may be why your claim was excused. But it's using a reference to 400, which is this was consistent. Part of it was consistent, but the part that was that they applied an excused instance, this is consistent with that return, means that they weren't disputing the truth. And so it was not, since it is self-reported to us, it doesn't fall into the definition of efficiency. So this situation is misreported, and we're still short 44,500 adjusted. The station, this is the main one, it's a definition of zero, and it doesn't depend on what we're looking at. It's a definition of zero. Meanwhile, I think it's a controlling question, because it goes to, this prohibition is a 2016-2013, and this is a deficiency during the case, and it has to be reviewed. But it is controlling, as we were told, that it was on the return. And therefore, this is key in a lot of these judicial decisions. And they made it clear that, just so that they can extend it to city owners, the amount of additional tax liability that they reported on there. So I guess part of what I understand the argument to be is that this was not meant to be additional tax liability, but it was meant to be an alternative amount of tax liability. What's the response to that argument? Well, I think the bigger question comes to, how is the deficiency of $2,900 determined? And in the settlement papers, it's clear, and this was a settlement stipulated decision, so it started out with the total tax liability, which is around $24,000, and they did collect it. This was $12,000, so there's $85,000 that was reported on demand and return. There had been another demand and return with the other payments that were submitted. And once you start from the line, you know, it comes down to the previous assistance and the previous refund. What remains was the $29,034 that was the deficiency, and therefore was deducted by tax liability. So that was $12,675. So she says, $2,904 in return. It's worth thinking about it as an estimated judgment with the $2,191 deficiency. I mean, what it makes sense to include in your bill is the automatician task force which is a group of people who have a tax, a separate tax, on their own. Well, Judge Carlos, who addressed this before, in his order, and he did say that there were no benefits and that there was a value to this policy. Yes, it had been recited all over, such as signature, and other decision-making. But, what I understand is the automation manager, or this is just some language, I'm not sure what it says, but whatever, he insisted that that this law was a right to have by taking into account the previous assessment of the law for the $12,675 policy requirement of the city manager. But, so, what it ended with, you know, the correct answer, absolutely. But, there was nobody for it, and they didn't think it was necessary. And, um, maybe Judge Carlos also thought that maybe it wasn't necessary, maybe it didn't seem like it, so it's interesting. It's important to the, hopefully, the successor to this organization. But, at the very least, in the future, it's a position that the next subsidiary just wanted to talk a little bit about. And, she said, unfortunately, it was her position on this law. So, she engaged in programs of subsidiary communication and programs for data communications with other areas of the agency. She also signed an agreement with the next subsidiary and we disagree that the Commissioner is dependent on those details. So, it is an absurd thing. And, in most cases, there are guidelines where we are trying to come to
judges: Graber, Murguia, O'Connell